NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEVID EDUARD ARNOLUS
RUMBAYAN,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-72093

Agency No. A096-499-889

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Devid Eduard Arnolus Rumbayan, a native and citizen of Indonesia,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Rumbayan does not challenge the agency's dispositive finding that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, Rumbayan's asylum claim fails.

Rumbayan testified that he was never injured in Indonesia on account of his race or religion, and does not contend he suffered past persecution, but he argues he fears future persecution on the basis of his Christian faith and his marriage to an ethnic Chinese Christian woman. Substantial evidence supports the agency's conclusion that Rumbayan failed to demonstrate a clear probability of future persecution because he does not present sufficient evidence of an individualized risk of harm. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) ("a general, undifferentiated claim" does not suffice)*; Wakkary*, 558 F.3d at 1059-60 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Therefore, Rumbayan's withholding of removal claim fails.

08-72093

**PETITION FOR REVIEW DENIED.**

08-72093